**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **JUST ONE DIME COACHING, LLC,** | § | **Case No. 22-10783-smr** |
| | § | |
| Debtor. | § | **Chapter 7** |

---

| | |
|---|---|
| **MINNS FIRM CLIENTS,** | **Case No. 1:24-cv-00547** |
| **Appellant,** | |
| **vs.** | |
| **RANDOLPH N. OSHEROW, Chapter 7 Trustee of Just One Dime Coaching, LLC,** | |
| **Appellee.** | |

**<u>OBJECTION TO MINNS FIRM CLIENTS' MOTION FOR LEAVE TO FILE APPEAL</u>**

*[Doc No. 1]*

Patrick Cupillari, Skunk Labs, LLC, 324 Main Street Property, LLC, and Prophet Consultants, LLC (collectively, the "New Jersey Based Defendants"), by and through their attorneys, Rabinowitz, Lubetkin & Tully, LLC and McGinnis Lochridge LLP, hereby file their *Objection to Minns Firm Clients' Motion for Leave to File Appeal* (the "Objection"), and respectfully show unto the Court the following:

**<u>Introduction</u>**

1.     The New Jersey Based Defendants bring this Objection in opposition to the Minns Firm Clients' motion before Your Honor for leave to pursue an interlocutory appeal of an Order of the Bankruptcy Court, which denied a proposed settlement and sale transaction between the Just One Dime Coaching Trustee and the Minns Firm Clients.

2.      The New Jersey Based Defendants respectfully ask this Court to, alternatively, (i) dismiss the motion for lack of subject matter jurisdiction in the District Court based upon the Appellant's failure to file a timely Notice of Appeal with the Bankruptcy Court; or (ii) to deny the motion for failure to include the proper information required by the appropriate Bankruptcy Rule and failure to demonstrate satisfaction of any of the required three elements of the controlling standard.

3.      Moreover, the motion fails to demonstrate the basis of any appeal since the Court record, and opinion and Order which is sought to be appealed on an interlocutory basis, demonstrate no abuse of discretion by the bankruptcy judge.

**<u>Background</u>**

4.      On November 23, 2022, Just One Dime Coaching, LLC (the "Debtor") filed a Voluntary Petition pursuant to the provisions of Chapter 7 of the Bankruptcy Code.  [ECF 1]

5.      On November 23, 2022, Randolph N. Osherow (the "Trustee") was appointed as interim Chapter 7 Trustee for the Debtor's bankruptcy estate and continues to serve as Trustee herein.  [ECF 2]

6.      Following negotiations, the Trustee, on December 11, 2023, filed a motion to approve a proposed settlement and sale transaction with the Minns Firm Clients.  [ECF 205]

7.      The New Jersey Based Defendants timely filed an objection to the Trustee's proposed sale and settlement.  [ECF 221]

8.      On February 15, 2024, the Court held a lengthy hearing on the motion to approve the settlement and sale.  At the hearing, the Court considered the testimony of the Trustee, numerous exhibits, and the argument of multiple parties, including the Trustee, the Minns Firm Clients, and the New Jersey Based Defendants.

9.      On March 20, 2024, the Court issued an Order (the "Order") denying the settlement and sale motion, explaining in detail its reasons for the denial, including, importantly, the Court's conclusion that the Trustee failed to satisfy his burden of proof on numerous matters.  The Court cited the absence of factual undergirdings to support the proposed settlement and sale, and the absence of facts to establish a reasonable basis for the Trustee's business judgment.  [ECF 259]

10.      Just before midnight Central Time on April 3, 2024, on the fourteenth day after entry of the Order denying the settlement, the Minns Firm Clients filed what they designate a motion for leave to appeal on an interlocutory basis the Court's Order (the "Motion"), but, significantly, did not file a timely notice of appeal. [ECF 264]

11.      On April 17, 2024, the New Jersey Based Defendants timely filed an objection and cross-motion in response to Minns Firms Client's Motion for leave to file appeal (the "Initial Objection").  [ECF 264]

12.      Significantly, in that Initial Objection, the New Jersey Based Defendants emphasized, and gave notice to the Minns Firm Clients, that the initial Motion was procedurally defective because, among other things, there had been no filed notice of appeal.

13.      On April 19, 2024, the Minns Firm Clients filed what they designate an amended motion for leave to file an interlocutory appeal but, again, despite actual notice of the judicial requirement to do so in the Initial Objection filed by the New Jersey Based Defendants, still did not file a notice of appeal.  The amended motion does not incorporate by reference the initial motion and thus stands alone as the sole procedural pleading by which the Minns Firm Clients seek leave to appeal.

14.      It appears that the amended motion adds the word amended, throughout, and reformats some of the text.  However, the only difference in the two motions appears to be that the

amended motion was served on the same parties as the original motion, albeit in the amended motion by e-mail rather than regular mail.  The initial motion did include exhibits not made part of the amended motion.

15.     On April 22, 2024, the Court entered an order mooting the initial Motion. [ECF 264]

16.     On April 22, 2024, the Court also entered a docket notice scheduling a hearing date to consider the amended motion for leave to appeal [ECF 280], on May 21, 2024 at 10:00 a.m. [ECF 282].

17.     On April 25, 204, the New Jersey Based Defendants filed an objection and cross-motion to the amended motion [ECF 285].

18.     On May 14, 2024, the Minns Firm Clients filed a supplement to their amended motion [Bankruptcy Docket ECF 292] and a reply to the New Jersey Based Defendants' objection and cross-motion [Bankruptcy Docket ECF 291].

19.     On May 20, 2024, the Bankruptcy Court entered a sua sponte Order which, among other things, directed the Bankruptcy Court Clerk to transmit the instant motion for leave to appeal and associated record to the District Court.  For ease of reference, a copy of that Order is attached as Exhibit "A."

20.     In his Order, Judge Robinson recognized the existence of an attachment to the original motion for leave [Bankruptcy Docket ECF 264-1], which, by Order dated April 22, 2024, had been mooted [Bankruptcy Docket ECF 281]  Judge Robinson considered that attachment to the initial, superseded motion, as a potential notice of appeal.

21.     As indicated, there was no incorporation of the prior pleading nor copy of the putative notice in the amended motion for leave to appeal.

22.     Accordingly, Judge Robinson ordered "that this Court does not express an opinion on the Original Motion for Leave, Amended Motion for Leave, or the Notice."

## I.     The Motion for Leave to Appeal Should be Dismissed by This Court for Lack of Jurisdiction Due to the Failure to File a Timely Notice of Appeal in the Bankruptcy Court

23.     The New Jersey Based Defendants respectfully ask this Court to dismiss the motion for leave to appeal, based upon the failure of the Minns Firm Clients to timely file a notice of appeal in the Bankruptcy Court.  That failure is jurisdictional, and precludes the prosecution of the motion in the District Court.

24.     To obtain consideration of a motion for leave to appeal, a notice of appeal must be filed within fourteen (14) days of the entry of the underlying order sought to be reviewed.  Here, no notice of appeal was filed.  *See*, *Stumpf v. McGee (In re O'Connor)*, 258 F.3d 392 (5th Cir. 2001), where the court reviewed the bankruptcy rules in the context of appealing interlocutory orders, and determined that the time limits under Federal Rule of Bankruptcy Procedure 8002 applied.[1]

25.     Based on the record in the Bankruptcy Court, and before the District Court, there is no demonstration of the timely filing of a Notice of Appeal with the Bankruptcy Court.

26.     "Failure to file a notice of appeal with the Bankruptcy Court as to the specific challenged order defeats jurisdiction, even under a liberal standard interpreting notice of a Bankruptcy Court order appeal."  *Walsh v. Chicago Title Insurance Co. (In re Walsh)*, 2021 US Dist. Ct. LEXIS 236254 (Dist. N.J.), *citing Dorsey v. U.S. Dep't of Educ. (In re Dorsey)*, 670 F.3d 359, 363 (5th Cir. 2017).

---

[1] Since there was no timely notice of appeal filed in this matter, the Bankruptcy Clerk cannot meet his obligation in connection with a valid appeal request to "promptly transmit the Notice of Appeal and motion for leave" under Federal Rule of Bankruptcy Procedure 8004 to the District Court.  *See*, Rule 8004(c)(1).

27.     However, neither the supplement nor the amended motion can reinstate the pleadings struck as moot by the Bankruptcy Court, which included the Notice of Interlocutory Appeal and Statement of Election (the "Notice") [Bankruptcy Docket ECF 264-1], which the Bankruptcy Court "noticed" as attached to the original motion for leave.

28.     Bankruptcy Rule 8004(c) governs the transmittal of the notice of appeal by the Bankruptcy Clerk to the District Court or BAP.  It appears to be self-executing.

29.     That Rule clearly requires the filing of a notice of appeal in order to provide notice to the Bankruptcy Clerk to then transmit the record to the District Court for further proceedings, including hearing the motion for leave to appeal, as well as to notify all parties to the appeal.

30.     The filing of a notice of appeal is a clear jurisdictional prerequisite to consideration of the case itself before the District Court.  Accordingly, the failure to file the Notice of Appeal is fatal to the subject matter jurisdiction of this Court, which should dismiss the motion.

31.     Clearly, the Bankruptcy Clerk did not identify a properly filed notice of appeal.[2]  In this case, of course, it was only after further pleadings were filed by the Minns Firm Clients that the Court upon review of the record, identified a superseded document that might constitute a purported notice of appeal and directed the Clerk to transmit the documents, while, of course, not expressing an opinion on the original motion for leave, amended motion for leave, or the purported notice.

## II.     **Alternatively, this Court Should Deny the Motion for Leave to Appeal Since it Fails (i) To Include Necessary Information; and (ii) Does Not Demonstrate Any, Let Alone All, of the Required Standard for Interlocutory Appeals**

---

[2] Similarly, the two attorneys primarily responsible for the representation of the New Jersey Based Defendants have over 80 years' experience collectively concentrating in bankruptcy and insolvency related matters, and include a Chapter 7 panel trustee and a Chapter 11 trustee.  Because the initial motion to leave was superseded by the amended motion, the review of the only filed motion and the bankruptcy case docket failed to identify any pleading which constitutes a timely filed notice of appeal.

32.     It is not controverted by the Minns Firm Clients that the Order which is sought to be appealed, which denied the Trustee's motion to settle/sell certain estate assets, is clearly an interlocutory order.  Courts uniformly recognize that motions to deny settlement agreements are interlocutory.  *See*, *generally*, *In re Delta Services Industry*, 782 F.2d 1267 (5th Cir. 1986), *citing In re Tidewater Group, Inc.* 734 F.2d 794 (11th Cir. 1984).

### A.  The Appellant Fails to Comply with the Procedural Requirements of Bankruptcy Rule 8004(b)

33.     Federal Rule of Bankruptcy Procedure 8004(b) identifies the requirements for a motion for leave to appeal.  Such a motion must include the following:

> A.  The facts necessary to understand the question presented;
>
> B.  The question itself;
>
> C.  The relief sought;
>
> D.  The reasons why leave to appeal should be granted; and
>
> E.  A copy of the interlocutory order or decree and any related opinion or memorandum.

34.     The filed amended motion does not include many of the necessary elements, including (1) the question on appeal; (2) the relief sought; and (3) reasons why leave to appeal should be granted.  Thus, because the motion fails to satisfy the requirements of Rule 8004(b), it cannot be granted.

### B.  Further, the Motion for Leave Does Not Satisfy Any of the Required Three Criteria Governing a Grant of Leave to Appeal

35.     "Section 158(a)(3) does not articulate the standard a District Court must use in deciding whether to grant leave [to appeal an interlocutory order] in its discretion but 'courts in Fifth Circuit…have applied 28 U.S.C. § 1292(b), the standard governing interlocutory appeals generally.'"  *Dondero v. Jernigan (In re Highland Capital Management LLP)*, 22022 US District

Court LEXIS 23454 (N.D. Tex), *citing In re Hallwood Energy L.P.*, Civ. Action No. 3:12-CV-1902-G, 2013 U.S. Dist. LEXIS 18165 at *2 (N.D. Tex. Feb. 11, 2013) (further citations omitted).

36.     The *Highland Capital Management LLP* court explained the three required elements of the appropriate appellate standard.

> There are three elements of the § 1292(b) standard: "(1) a controlling issue of law must be involved; (2) the question must be one where there is a substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." *In re Ichinose*, 946 F.2d at 1177.  An appeal of an interlocutory order is appropriate only where all three elements are satisfied. (citations omitted)

37.     The court then acknowledged the Fifth Circuit's high bar for an interlocutory appeal:

> The Fifth Circuit strongly disfavors interlocutory appeals and, accordingly, they are rarely granted and reserved for 'exceptional cases. *Id*. at 12. (citations omitted)

38.     Courts have consistently denied interlocutory review of a bankruptcy court order denying a motion to approve a settlement agreement.  See, e.g., Lockwood v. Snookies, Inc. (In re F.D.R. Hickory House), 60 F.3d 724, 726 (11th Cir. 1995) (dismissing appeal from district court order affirming bankruptcy court order that denied approval of a proposed settlement and release agreement that resolved bankruptcy estate's claims against former officer, where the issues addressed by the district court order were not separate and independent from the other claims in the bankruptcy case; there was no indication that immediate review was necessary to preserve the rights of either the officer or the debtor; postponement of a transfer of settlement payment from officer to debtor would not irreparably harm either party; and the appeal presented no significant, unresolved questions of law); In re Tidewater Group, Inc., 734 F.3d 794, 796-97 (11th Cir. 1984) (noting that "[a]n order disapproving a compromise is not final," as "[i]t determines no rights and settles no issues" and instead "merely leaves the question open for future adjudication"; and

holding that appeal of bankruptcy court order denying application for approval of settlement agreement regarding sale of certain stock was interlocutory and that court was without jurisdiction to hear the cause because the order did not resolve the litigation, decide the merits, determine rights of the parties, settle liability, or establish damages (quoting Tonkoff v. Synoground (In re Merle's Inc.), 481 F.2d 1016, 1018 (9th Cir.1973))); Svenhard's Swedish Bakery v. United States Bakery (In re Svenhard's Swedish Bakery), 653 B.R. 471, 475 n.5 (B.A.P. 9th Cir. 2023) ("The bankruptcy court denied the Rule 9019 motion and we dismissed the appeal from that order as interlocutory."); Rehab at Work Corp. Inc. v. Cohen, 2015 U.S. Dist. LEXIS 64347, at *16-18 (D. Md. May 18, 2015) (dismissing appeal from bankruptcy court interlocutory order denying motion to approve a settlement of certain claims against estate, where there was no controlling question of law at issue because the bankruptcy court had rested its denial of the motion "on the *factual* determination that the original settlement agreement was withdrawn and there was no deal to approve because there was no meeting of the minds"; and case was set for trial in a little more than a month, and hence, "this represents the rare case in which an interlocutory appeal not only would not advance the termination of the litigation, but where the litigation, if left alone, is likely to terminate of its own accord before the interlocutory appeal could be fully briefed and resolved," and also, "the mere fact that Appellants would prefer the Settlement Agreement to the possibility of a trial is not a sufficient basis to grant leave to appeal"); In re Nashaminy Office Bldg.. Assocs., 81 B.R. 301, 303 (E.D. Pa. 1987) (denying motion to grant interlocutory appeal of bankruptcy court's denial of approval of a settlement agreement between chapter 11 trustee and primary creditor on grounds that bankruptcy court had determined that there was no "meeting of the minds" on the scope of the agreement and any such factual determination was not reviewable in an interlocutory appeal); see also In re Holloway, 370 F. App'x 490, 492-93 (5th Cir. Mar. 15, 2010) (holding that that

bankruptcy court order denying motion to enforce a settlement agreement was interlocutory, rather than a final, appealable order, because "after it ruled on the enforceability of the settlement agreement, the bankruptcy court was still left with an adversary proceeding"); HIS Ams. Found. LP v. DK Joint Venture 1, 2010 U.S. Dist. LEXIS 94577, at *8-10 (E.D. Tex. Sept. 10, 2010) (holding that court lacked jurisdiction over appeal from bankruptcy court order denying motions to enforce a settlement agreement, where order did not terminate the interest of any debtor of creditor or end the bankruptcy litigation; and holding that denying leave to appeal from order would be most appropriate choice, where another district court's order confirming a certain related arbitration award, which the bankruptcy court cited in its order as the reason for declining to exercise jurisdiction, was currently on appeal to the Fifth Circuit, and hence, it made little sense to conduct parallel proceedings, or to argue this case at the district court level, when the circuit court would presumably render a binding decision regarding the arbitration award in the near future).

39.     Here, Judge Robinson's ruling did not resolve the litigation, decide the merits, determine rights of the parties, settle liability, or establish damages; instead, it merely leaves the matter open for future adjudication.  Thus, interlocutory review is not appropriate.

40.     The Minns Firm Clients' motion argues that Judge Robinson's consideration of the law is inconsistent with the powers of a Chapter 7 trustee to administer an estate.  However, it cites no legal authority supporting the grant of an interlocutory appeal of a settlement/sale denial and instead argues  the application of the facts, a matter which cannot constitute an abuse of discretion.

41.     Here, there is no dispute on the governing law.  Both parties acknowledge that *In re Moore*, 608 F.3d 253 (5th Cir. 2010), applies which requires compliance with both the 9019 settlement requirements, as well as 363 sale requirements.

42.     The Bankruptcy Court reviewed each factor in light of the record presented, and decided that the factual record was insufficient for the Trustee to satisfy his burden of proof.  In its denial, the Court emphasized the Trustee's failure to provide any details, specific reasons, or analysis supporting his "consultants" advice not to pursue the subject claims, nor any valuation of the subject claims with regard to an analysis of fair value.  The Trustee also acknowledged the absence of any investigation into the significant pre-petition transfers sought to be sold.  The Court also noted the Trustee's contention of insufficient estate funds was rebutted by the existence of approximately $2,900,000 in liquidated estate proceeds.  The Court also remarked that "the support of the Minns Firm Clients, favoring settlement, was not that of uninterested creditors seeking maximum recovery, but rather purchasers of an estate asset."

43.     The Court recognized that since the proposed settlement also involved the sale of estate property, the requirements of § 363 must also be met, and as set forth in *Moore*, "must be supported by an articulated business justification, good business judgment, or sound business reasons." *Moore*, 600 F.3d at 263.

44.     Again, the Court found that based on the factual record before it, the Court could not determine that the Trustee's business judgment to prosecute a sale of estate claims having an apparent face value of in excess of $600,000, for approximately $40,000, in circumstances where a higher offer of $70,000 was made, was reasonable.  The Court also premised its denial on the absence of any articulated sound business reasons for the Trustee's rejection of the substantially higher offer.

45.     With regard to the second standard, there does not appear to be any ground, let alone substantial ground, for difference of opinion.

46.     Further, there is no demonstration that an immediate appeal would "materially advance the ultimate determination of the litigation."

47.     In the bankruptcy context, where there are discrete matters within the main bankruptcy case, the Court's denial of the Trustee's settlement and sale of estate assets does not materially advance the bankruptcy case itself.   The Trustee continues to have the option to negotiate another sale, prosecute the estate causes of action himself or abandon them.

48.     Moreover, the Trustee still has to review claims, prepare a final report, obtain US Trustee approval of a final report, and obtain court approval of a final report.

### III.     There is No Basis for Any Appeal Since Judge Robinson Did Not Abuse His Discretion

49.     Given the Opinion and Order of Judge Robinson below, it is clear he did not abuse his discretion in denying the Trustee's motion to settle.

50.     The standard of appellate review for the bankruptcy trial court's decision on whether to approve the Trustee's exercise of discretion of settlement is abuse of discretion.  United States Brass Corp. v. Travelers Ins. Group, Inc. (In re United States Bras Corp.), 301 F.3d 296, 306-07 & n.37 (5th Cir. 2002) ("And we review a bankruptcy court's decision to approve or disapprove a settlement under an abuse of discretion standard.") (citing In re Continental Airlines Corp., 907 F.2d 1500, 1520 (5th Cir. 1990))).

51.     Here, given the extensive factual description of the evidentiary hearing and analysis, it is clear that Judge Robinson did not abuse his discretion.

**WHEREFORE**, for the reasons set forth above, the New Jersey Based Defendants respectfully ask this Court to (i) dismiss the motion for leave to appeal as jurisdictionally untimely; or (ii) deny the motion for leave to appeal for its failure to meet any of the three elements of the statutory standard and in light of the Fifth Circuit's strong disfavoring of interlocutory appeals.

Dated: June 3, 2024

Respectfully submitted,

By: ___/s/ Jeffrey A. Cooper_____
    Jeffrey A. Cooper
    Rabinowitz, Lubetkin & Tully, LLC
    293 Eisenhower Parkway, Suite 100
    Livingston, NJ 07083
    State Bar No. (NJ) 022401980
    State Bar No. (NY) 2137073
    Telephone: (973) 597-9100
    Facsimile: (973-597-9119)
    E-mail: jcooper@rltlawfirm.com

and

By: ___/s/ Christopher L. Halgren_____
    Christopher L. Halgren
    McGINNIS LOCHRIDGE  LLP
    609 Main St, Suite 2800
    Houston, TX 77002
    State Bar No. (TX) 24069859
    Telephone: (713) 615-8539
    Facsimile: (713) 328-1839
    E-mail: chalgren@mcginnislaw.com

**ATTORNEYS FOR 324 MAIN STREET PROPERTY, LLC, PATRICK CUPILLARI, PROPHET CONSULTANTS, LLC AND THE SKUNK LABS, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on the 3rd day of June 2024, he caused true and correct copies of the foregoing pleading, together with all attachments hereto, to be served by electronically filing it with the Court using the Court's CM/ECF system, and on the parties shown on the below service list, via first class U.S. Mail and/or e-mail.

| | |
|---|---|
| Jay H. Ong, Esq.<br>Thanhan Nguyen<br>Munsch Hardt Kopf & Harr, P.C.<br>1717 West 6th Street, Suite 250<br>Austin, Texas 78703<br>Email: jong@munsch.com<br>*Counsel to the Chapter 7 Trustee* | Rain Levy Minns Udall, Esq.<br>Minns Law Firm, P.C.<br>d/b/a Rain Minns Law Firm<br>rain@rainminnslaw.com<br>4412 Spicewood Springs Rd., Suite 500<br>Austin, Texas 78759-8583<br>*Counsel to Plaintiffs the Minns Firm Clients* |
| Megan M. Adeyemo<br>Gordon & Rees LLP<br>2200 Ross Avenue<br>Suite 3700<br>Dallas, TX 75201<br>214-231-4660<br>Fax : 214-461-4053<br>Email: madeyemo@grsm.com<br>*Counsel to Defendants Brett George, N2 Ecom, LLC, AKH Investments, LLC, BOH Solutions, LLC, Apex PSW, LLC, E-Com Highway, LLP* | Michael V. Baumer<br>Law Office of Michael Baumer<br>PO Box 1818<br>Liberty Hill, TX 78642<br>512-476-8707<br>Email: baumerlaw@baumerlaw.com<br>*Counsel to Defendants Travis Seth Kniep, Josiah Kniep, Audrey "Atalie" Kniep, Kimberly Kniep* |
| Carl "Bo" Dawson<br>Ryan & Dawson<br>770 South Post Oak Lane, Suite 600<br>Houston, TX 77056<br>713-960-1555<br>Fax : 713-960-8491<br>Email: cdawson@rdlaw.com<br>*Counsel to Defendants Apps Innovation, Inc., David Lopez, Luxeup, Inc., Victoria Ecom, LLC, Victoria State, LLC, Beardman Company Corp., DSD Imports Bros., LLC, Dagabia, Inc., Danmark, Inc., Danvid, fka Beardman Company Corp., Varbuck, LLC, Danilo Varriale, VlegacIV, LLC* | |

By: */s/ Christopher L. Halgren*
Christopher L. Halgren